IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRELL DIEHL<br>192 New Street<br>Orange, NJ 07050<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PosiGen Developer, LLC d/b/a POSIGEN<br>1600 Olden Avenue, Unit 10<br>Ewing, NJ 08638<br><br>　　　　Defendant. | CIVIL ACTION<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Terrell Diehl (*hereinafter* referred to as "Plaintiff") against PosiGen (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*), and the New Jersey Law Against Discrimination ("NJ LAD"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice,

satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district, in addition, venue is properly laid in this district because Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the District of New Jersey for this action.

5. Plaintiff is proceeding herein under the ADA as he timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and filed the instant action within 90 days of obtaining a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant, PosiGen Developer, LLC, is a solar panel energy company, operating out of the above-captioned address.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 35-year-old male.

12. Plaintiff was hired in or about March 2022 and worked for Defendant for approximately six (6) months as an Inside Sales Representative until he was terminated from his employment on or about September 26, 2022. (discussed further *infra*).

13. While the position was remote, Plaintiff's employment was based out of Defendant's Ewing, New Jersey office.

14. Throughout his employment with Defendant, Plaintiff was a dedicated and hard-working employee who performed well during his employment.

15. Unfortunately, Plaintiff also suffers from disabilities, including but not limited to, anxiety and depression, which began to become exacerbated toward the end of Plaintiff's employment with Defendant.

16. As a result of Plaintiff's aforesaid health conditions, Plaintiff is (at times) limited in his ability to perform some daily life activities, including but not limited to communicating, concentrating, thinking, and working (as well as other daily life activities).

17. Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well, but at times required reasonable accommodations.

18. Specifically, in or about September 2022, Plaintiff required an approximate one-month medical leave of absence to treat his anxiety and depression.

19. After Plaintiff began to experience numerous symptoms of depression and anxiety, he approached members of Defendant's management and human resources, fully apprising them about the nature of his health conditions and symptoms, inquiring about his ability to take a medical leave associated with the same.

20. In response, while Plaintiff was informed that he was not eligible for FMLA leave, he was specifically told he would be approved for his requested medical leave, and that he would simply have to follow up with paperwork to justify his leave.

21. As a result, after receiving authorization to do so from management, Plaintiff commenced a medical leave of absence on or about September 15, 2022.

22. Thereafter, Plaintiff submitted a leave of absence form to Linda Leonard (HR Generalist) as well as paperwork indicating that he was being seen by medical professionals, discussed his medical leave with management and Defendant's third-party benefits administrator, and also corresponded with Defendant's management through text messages.

23. Unfortunately, however, on September 26, 2022, approximately 7 business days into his medical leave, Plaintiff was abruptly terminated from his employment for alleged job abandonment.

24. However, as referenced *supra*, Plaintiff had been authorized to take his leave with management, maintained communication with Defendant's and its third-party administrator, and was waiting to have his approximate one (1) month medical leave approved, while being shuffled between management, a third-party administrator, and human resources, as Plaintiff was being directed from one to another.

25. Had Plaintiff known he would have been terminated for taking his medical leave, he would have rushed to provide any additional information or medical data requested of him (or even attempted to refrain from taking the leave), but Defendant instead rushed to abruptly terminate him without proper engagement in the interactive process or dialogue.

26. As a result, Plaintiff asserts that Defendant failed to accommodate him and terminated him because of his (1) known and/or perceived disabilities; (2) record of impairment; (3) requested accommodations; and/or (4) Defendant's failure to properly accommodate Plaintiff.

### Count I
### Violations of the Americans with Disabilities Act, as amended ("ADA")
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected his ability to perform some daily life activities (as discussed *supra*).

29. Plaintiff requested a reasonable accommodation from Defendant in the form of medical leave.

30. Defendant clearly failed to engage in the interactive process with plaintiff, failed to accommodate Plaintiff, and terminated him for job abandonment when Plaintiff had fully apprised Defendant of his conditions and need for leave, and maintained communication with Defendant during his leave.

31. Therefore, Defendant failed to accommodate Plaintiff and terminated him from his employment because of (1) his known and/or perceived disabilities; (2) his record of impairment; (3) his requests for and utilization of reasonable accommodations, which constitutes unlawful retaliation; and/or (4) Defendant's refusal to continue accommodating Plaintiff.

32. These actions as aforesaid constitute violations of the ADA, as amended.

## Count II
## Violations of the NJ LAD
## ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff re-asserts and re-alleges each and every allegation as set forth in Plaintiff's First Cause of Action, as such actions constitute identical violations of the NJ LAD in this case.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E. Plaintiff is to be given a jury trial as demanded in the caption of the instant Complaint.

.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Timothy S. Seiler, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 28, 2023